IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARRY STOKES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-190-DRH |
| | ) |
| LISA HOLLINGSWORTH, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

This matter is before the Court on Petitioner's motion to proceed *in forma pauperis* (Doc. 2). Petitioner, an inmate in the Federal Prison Camp located in Marion, Illinois (FPC-Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the medical care being provided to him (or the lack thereof) while therein confined.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

At the outset, this Court must independently evaluate the substance of Petitioner's claim to determine if the correct statute - in this case 28 U.S.C. § 2241 - is being invoked. *Bunn v. Conley*,

309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 2002 WL 31103020 at *2 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked).  A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation."  *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).  If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law."  *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

     In the case at hand, Petitioner alleges that he recently had surgery for thyroid cancer and that he is not receiving appropriate post-operative care (e.g., radiation therapy).  Petitioner also claims that he has suffered from various liver problems for the past several years and that he is not receiving adequate treatment for those problems.  Petitioner seeks an order from this Court directing that he be provided timely and appropriate post-operative care for his thyroid condition and an order transferring him to a prison with a doctor who is a liver specialist.  As such, Petitioner challenges the conditions of his confinement and does not seek a quantum change in the level of his custody.  Accordingly, Petitioner has brought his request for relief in the wrong vehicle - § 2241 - rather than as a civil rights action pursuant to 42 U.S.C. § 1983.

     While, in the past, courts sometimes construed a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), the Seventh Circuit has held that district courts should not due this.  *Bunn*, 309 F.3d at 1007; *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997).  In particular, Petitioner may face obstacles under the

Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915 and 42 U.S.C. § 1997e. Specifically, Petitioner is required to exhaust his administrative remedies before proceeding with a civil rights action, he is responsible for paying a much higher filing fee, and he might be assessed a "strike" if the Court determined that Petitioner's action (or any portion of it) was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Therefore, the Court will not re-characterize the instant habeas petition as a complaint under the civil rights act.

Accordingly, the motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**, but this action is summarily **DISMISSED** without prejudice because § 2241 relief is not available to Petitioner based on the claims asserted. Petitioner may re-file this action as a complaint seeking relief pursuant to 42 U.S.C. § 1983. All pending motions are **DENIED** as moot. The Clerk of Court is **DIRECTED TO CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:** April 15, 2010

/s/   DavidRHerndon
**DISTRICT JUDGE**